UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ORTEGA, | Civ. No. S-13-1426 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| UNIVERSITY OF THE PACIFIC, et al., | |
| Defendants. | |

Defendants University of the Pacific ("UOP") and Howard Chi ("Chi") (collectively "defendants") have filed a motion to dismiss one of plaintiff's seven claims and to strike plaintiff's claim for punitive damages, with a request for a more definite statement as to the dates of some of the alleged conduct. The court ordered the motion submitted on the pleadings and now GRANTS the motion in part and DENIES it in part.

I. BACKGROUND

On July 16, 2013, plaintiff Jessica Ortega ("Ortega") filed a complaint against defendants raising seven causes of actions: (1) sexual harassment and discrimination in violation of 42 U.S.C. § 2000e-2 (Title VII); (2) retaliation in violation of 42 U.S.C. § 2000e-3 (Title VII); (3) sexual harassment in violation of California Government Code § 12940(j) (FEHA); (4) discrimination in violation of California Government Code § 12940(a) (FEHA); (5) retaliation in violation of California Government Code § 12940(h) (FEHA); (6) failure to take

1

1    steps to prevent harassment and discrimination in violation of California Government Code
2    § 12940(k) (FEHA); and (7) wrongful termination in violation of public policy. Compl., ECF
3    No. 1 at 6-12.  The complaint also alleges that the defendants acted maliciously, fraudulently, and
4    oppressively.  *Id*. at 13.

5    According to the complaint, Ortega worked at the Pacific Dental Clinic of the
6    University of the Pacific School of Dentistry for four years.  ECF No. 1 ¶¶ 12-13.  Chi, the
7    clinic's director, made many sexually inappropriate comments.  *Id*. ¶ 14.  In August 2012, Ortega
8    and three other dental assistants notified their supervisor they were not comfortable with Chi's
9    comments.  *Id*. ¶ 15.  Ortega and two other employees met with Sally Coleman, UOP's Associate
10   Director of Human Resources ("H.R."), in September 2012 and complained about Chi's
11   comments.  Ortega's supervisor, who was present, claimed Chi's comments were not sexual.  *Id*.
12   ¶ 16.  Human Resources did not investigate Ortega's complaints despite a promise to follow up.
13   *Id*.

14   In October 2012, Chi began to modify the work duties of the assistants who had
15   complained to H.R., which resulted in a substantial increase in their workload.  *Id*.  ¶ 17.  When
16   Chi increased their workload again in November 2012, Ortega complained directly to Chi, saying
17   she believed he was retaliating against her for her complaints to H.R.  *Id*.  After the November
18   meeting, Ortega returned to H.R. to complain about the retaliation, but Coleman said Chi was
19   allowed to change the work rules.  *Id*. ¶ 18.

20   In January 2013, Chi announced additional changes to the workloads of the
21   assistants who had complained about him.  When Ortega asked about the changes, Chi said her
22   job was at risk because of performance issues but then refused to answer Ortega's questions about
23   her job performance.  *Id*. ¶ 19.  Ortega left the meeting to lodge a complaint with H.R., saying
24   "I'm done with this situation."  *Id*.  When she arrived at H.R., Coleman said Chi had called to
25   report Ortega had resigned.  Ortega protested, but Coleman said Chi controlled whether Ortega
26   still had her job.  The next day Ortega was told Chi had decided she could not have her job back.
27   *Id*. ¶ 20.
28   /////

II. THE MOTION TO DISMISS

    A. Standard for a Motion To Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United*

1  *States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d
2  1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977,
3  980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to
4  dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

      B.  Preliminary Matters

Defendants seek to strike plaintiff's claim for punitive damages under Rule 12(f) of the Federal Rules of Civil Procedure. The Ninth Circuit has held, however, that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). This court may convert this motion to strike to a motion to dismiss under Rule 12(b)(6) when, as here, it is based on a claim that plaintiff has not sufficiently pled fraud, malice or oppression. *Kelley v. Corrections Corp. of Am.* 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010).

Defendants ask the court to take judicial notice of the complaint filed in this case. ECF No. 9-2. This court need not take judicial notice of the very document defendants are challenging and so denies the request. *See Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 979 (E.D. Cal. 2013) (finding it unnecessary to take judicial notice of prior order in same case).

Defendants argue that Ortega's sixth claim should be dismissed for two reasons: (1) a failure-to-prevent-harassment claim under California Government Code § 12940(k) is duplicative of other theories of liability against UOP, and (2) the Fair Employment and Housing Commission has retained exclusive jurisdiction over such claims. Mot. to Dismiss, ECF No. 9-1 at 7-9.

      C.  Sixth Claim for Relief

         1. No Independent Basis for Relief

In her sixth claim, petitioner alleges UOP refused to take reasonable steps to prevent discrimination and harassment from occurring at the dental clinic by failing to implement any mechanism to ascertain whether harassment or retaliation was occurring, failing to investigate

/////

the alleged harassment and retaliation, and failing to take any remedial action, among other things.  ECF No. 1 ¶¶ 49-51.

California's Fair Employment and Housing Act (FEHA) prohibits employers from "fail[ing] to take all reasonable steps necessary to prevent discrimination and harassment from occurring." CAL. GOV'T CODE § 12940(k).  Section 12940 is a statutory tort that requires a plaintiff to demonstrate a defendant's duty towards a plaintiff, breach of that duty, causation, and damages to the plaintiff.  *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 286-87 (1998).  Reasonable steps include promptly investigating discrimination claims, implementing anti-discrimination policies in the workplace, and putting a system in place to address discrimination claims.  *Cal. Fair Emp't & Housing Comm'n*, 122 Cal. App. 4th 1004, 1024-25 (2004)

UOP argues that FEHA imposes a negligence standard for employer liability stemming from harassment by co-workers under California Government Code § 12940(j)(1), and strict liability for harassment by a supervisor.  *State Dept. of Health Servs. v. Superior Court*, 31 Cal. 4th 1026, 1040-41 (2003).  It further argues that because it will be strictly liable for Chi's harassment if the allegations of the complaint are proven, any claim for a failure to prevent the harassment is duplicative.  ECF No. 9-1 at 8.  None of the cases it cites supports its theory that a claim under section 12940(k) merges into a claim of a supervisor's harassment, and the court has found none suggesting that an overlap in liability translates to a merger of the underlying torts.  UOP has not borne its burden of demonstrating plaintiff's failure to state a claim.  *Bryant v. Apotex, Inc.*, No. 1:12–CV–01377 LJO JLT, 2013 WL 394705, at *5 (E.D. Cal. Jan. 23, 2013) (stating it is the movant's burden to show no claim has been stated).

2. Exclusive Jurisdiction of the FEHC

UOP argues that the Fair Employment and Housing Commission (FEHC) has exclusive jurisdiction over failure-to-prevent harassment claims, as the FEHC determined in *Department of Fair Employment and Housing v. Lyddan Law Group, LLC, et al.*, No. 10-04-P (10/19/10); ECF No. 9-3 at 4-17.

The court does not read this administrative decision as broadly as defendants do.  In *Lyddan*, the FEHC held that "the DFEH may prosecute a 'stand alone' failure to take all reasonable steps as an independent statutory violation of Government Code section 12940,

5

subdivision (k), with the important limitation that we do not find that such a cause of action exists as an independent claim for private litigants.  We further clarify that, while we affirm DFEH's right, in the exercise of its police powers, to prosecute an independent violation of Government Code section 12940, subdivision (k), we expressly do not find that such a claim gives rise to an actionable tort or private cause of action in civil proceedings between private litigants." *Lyddan* at 11-12; ECF No. 9-3 at 14-15.  This statement is consistent with case law, which has found that a section 12940(k) claim cannot proceed in the absence of an underlying discrimination claim.  *See Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1174 n.4 (9th Cir. 2001); *Trujillo*, 63 Cal. App. 4th at 286-89.  Even assuming that *Lyddan* is precedential, it does not apply in this case, which presents more than a "stand alone" claim for failure to prevent discrimination.

       D.  Punitive Damages

       Defendants allege that plaintiff has not pleaded facts in support of her claim that UOP acted with malice, oppression, or fraud.  ECF No. 9-1 at 11.  Plaintiff counters that the underlying discriminatory conduct, coupled with her allegations that UOP ratified those acts through its refusal to investigate, is sufficient to support her claim of punitive damages against UOP.[1]

       Under California Civil Code section 3294(a), a defendant is liable for punitive or exemplary damages "where it is proven by clear and convincing evidence that the defendant has been guilty of  oppression, fraud or malice."  Punitive damages are available for FEHA violations, but a corporation is liable for punitive damages only if an officer, director, or managing agent committed, authorized or ratified the act.  *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 220 (1982).

       Here plaintiff has alleged that Chi made unsolicited and unwanted sexual comments and yet UOP, through Sally Coleman, refused to investigate or take other remedial actions.  ECF No. 1 ¶¶ 14, 16.  When Chi began to retaliate, Coleman again refused to

---

[1] As plaintiff cites only to California law, it does not appear she is seeking punitive damages for her Title VII claims.  *See generally Kolstad v. Am. Dental Ass'n,* 527 U.S. 526 (1999).

6

investigate or take other remedial action. *Id.* ¶¶ 17-18. Ortega was constructively discharged during her third meeting with Coleman. *Id.* ¶ 20. These allegations are sufficient to support a request for punitive damages. *See Monge v. Superior Court*, 176 Cal. App. 3d 503, 511 (1986) (finding punitive damages adequately pleaded when plaintiffs alleged that defendants sexually harassed plaintiffs and then retaliated against them).

III. MOTION FOR A MORE DEFINITE STATEMENT

Under Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A court should grant such a motion only if the complaint is so indefinite the defendant is unable to ascertain the nature of the claim and frame a response. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C. D. Cal. 1996). If discovery can supply any missing details, a court may deny the motion. *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010). A court should evaluate such a motion in light of the pleading standards of Rule 8. *Wavetronix LLC v. Swenson*, No. 4:12–cv–00244–BLW, 2013 WL 1222565, at *2 (D. Idaho Mar. 25, 2013) ("A court's Rule 12(e) analysis is also informed by whether plaintiff's complaint complies with Rule 8(a)—whether the Complaint pleads a short statement of the elements of his claims, identifying the transactions or occurrences giving rise to the claim and elements of the prima facie case.") (internal citation and quotation marks omitted).

Defendants argue the complaint is "vague and ambiguous on several counts, including but not limited to which defendant each claim is directed to and the date of the alleged harassing events." ECF No. 9-1 at 12. According to the headings of the claims, only the third claim is alleged against Chi. The numbered paragraphs suggest, however, that Chi is a defendant in the other claims. *See* ECF No. 1 at 6-14. During the meet and confer process, plaintiff conceded this was a typographical error and offered to file an amended complaint or stipulation clarifying that claims one, two, four, five, six and seven should be alleged against UOP only. ECF No. 9-1 at 6 n.1; ECF No. 10 at 6. Given this concession, this aspect of the motion for a more definite statement is granted.

Defendants also claim in conclusory fashion that they are unable to frame a response because the complaint does not include the dates of the alleged harassing conduct. ECF No. 9-1 at 12. Defendants have cited nothing suggesting that Rule 8 requires plaintiff to plead the dates of any conduct when the information is available through discovery. *See Swierkiewicz*, 534 U.S. at 511 (rejecting the argument that Title VII cases have a heightened pleading standard). The motion for a more definite statement seeking dates is therefore denied. *Morris v. Fresno Police Dept.*, No. 08-CV-01422-OWW-GSA, 2010 WL 289293, at *10 (E.D. Cal. Jan. 15, 2010) (rejecting a motion for more definite statement seeking date of civil rights violation); *but see Evans v. Port Auth.*, Civil Action No. 06-3239 (JAG), 2007 WL 3071808, at *13 (D.N J. Oct. 18, 2007) (granting a motion for more definite statement because plaintiffs failed to plead when they were denied promotions and reclassifications).

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss, strike and for a more definite statement, ECF No. 9, is granted only as to their claim that the complaint does not make clear which claims are alleged against which defendants and denied in all other respects; and

2. Plaintiff's amended complaint is due within twenty-one days of the date of this order.

Dated: November 14, 2013.

_____
UNITED STATES DISTRICT JUDGE